```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION

RICHARD A. JONES,                    §
(TDCJ No. 1740725)                   §
VS.                                  §   CIVIL ACTION NO.4:12-CV-252-Y
                                     §
                                     §
ANDREW OTTAWAY, et al.               §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)

This case is before the Court for review of pro-se inmate and plaintiff Richard A. Jones's case under the screening provisions enacted with the Prison Litigation Reform Act ("PLRA") codified, in part, at 28 U.S.C. §§ 1915A.[1]  Jones, an inmate at the Texas Department of Criminal Justice's Moore unit, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants private attorney Andrew Ottaway and Justice Jim R. Wright, Court of Appeals of Texas, Eleventh District. (Compl. Style; § IV(B).) Jones alleges that the defendants conspired to deny him access to court. (Compl. §§ IV(b),V.) Jones alleges that Ottaway provided ineffective assistance in a state-court proceeding, and that Justice Wright refused to take or file a legal document. (Compl. §§ IV(B), V.) Jones seeks to "stop these two defendants from denying the Plaintiff access to Court where the Plaintiff['s] liberty is at stake." (Compl. § VI.)

Section 28 U.S.C. § 1915A(a) requires the Court to review a complaint from a prisoner seeking relief against a governmental entity or governmental officer or employee as soon as possible after

---

[1] In this case, plaintiff Richard A Jones paid the full filing fee. Thus, he is not proceeding in forma pauperis, and the case is not subject to review under 28 U.S.C. § 1915(e)(2)(B).

docketing.[2] This provision authorizing review of prisoner pleadings is separate from the screening provision applicable to in-forma-pauperis proceedings, and it provides that when the Court makes the review required under § 1915A(a), the Court shall dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Jones's claims as asserted in the complaint, the Court concludes that they must be dismissed under the authority of § 1915A(b).

With regard to any claims against Justice Wright, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[6] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[7]

---

[2] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(b)(1) and (2)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *Mireless v. Waco*, 502 U.S. 9, 11 (1991), *citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[7] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

Because the complained-of conduct by Justice Wright was judicial in nature and was undertaken pursuant to the jurisdiction provided to the Courts of Appeals of Texas, Justice Wright is entitled to absolute immunity from any monetary damages claims, and any such claims will be dismissed under 28 U.S.C. § 1915A(b)(2).

To assert a claim for violation of federal constitutional rights through 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[8] As to some of Jones's allegations against his attorney, Andrew Ottaway, he has failed to satisfy the second element. Davis has failed to show that Andrew Ottaway, a private attorney, acted under color of law on his direct claims against Ottaway. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[9] A private individual can be said to act under color of law if he acts in a conspiracy with state officials. Jones alleges the defendants engaged in a conspiracy. Although Jones's conspiracy allegation is conclusory, it will be dismissed for other reasons as noted *infra*. Thus, other than the claim that Ottaway acted in a conspiracy, Jones cannot show that Ottaway was acting under color of law, and all such claims by Jones against

---

[8] *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).

[9] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

Ottaway for violation of his constitutional rights through 42 U.S.C. § 1983[10] must be dismissed under 28 U.S.C. §§ 1915A(b)(1).

Jones complains that defendants conspired to deny him access to court. But the underlying substance of Jones's complaint is that the state appellate court would not allow him to file papers while he was represented by counsel. Jones fleshes out these allegations in a separately filed motion for temporary restraining order and/or injunction. In that motion, Jones complains of a letter from the Court of Appeals, Eleventh District, explaining to him that since he is represented by Andrew Ottaway on appeal, he is not entitled to "hybrid representation." (April 13, 2012 Motion for TRO/Injunction; Exhibit separately filed on April 18, 2012).

The Sixth Amendment to the United States Constitution guarantees every criminal defendant the right to the assistance of counsel.[11] The Sixth Amendment also implicitly guarantees the correlative right of a criminal defendant to waive the assistance of counsel and represent himself at trial.[12] A criminal defendant, however, has no constitutional right to hybrid representation,

---

[10]The Court acknowledges that Jones contends that Ottaway rendered ineffective assistance of counsel. (Compl. § V; May 23, 2012 Motion to go to Trial for Ineffective Assistance.) If Jones seeks to challenge his conviction on the basis of this and other violations of the Constitution in federal court, the proper procedure is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254, after exhaustion of any remedies available under Texas state law. Thus, the separately filed motion regarding ineffective assistance of counsel (doc. 14) is DENIED.

[11]*Gideon v. Wainright*, 372 U.S. 335, 345 (1963)(trial counsel for persons charged with felony offenses); *Douglas v. California,* 372 U.S. 353, 356 (1963)(counsel for first direct appeal as of right).

[12]*Faretta v. California,* 422 U.S. 806, 819 (1975).

4

"partly by counsel and partly by himself."[13] Thus, because Jones has no constitutional right to hybrid representation, his contention that the failure to allow him to submit papers to the state appellate court amounts to a denial of access to courts is without merit.

Moreover, if Jones's request for this Court to "stop the defendants from denying [him] access to court" is a request for this Court to issue some type of injunctive relief against Justice Wright for his actions taken in state court, such relief is not appropriate in this suit. Section 1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[14]

Furthermore, concerning injunctive relief as to both defendants, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[15] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate

---

[13] *Neal v. Texas*, 870 F.2d 312, 315-16 (5th Cir. 1989)(citing *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)("*Faretta* does not require a trial judge to permit 'hybrid representation . . . .'"); *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996)("there is no constitutional right to hybrid representation").

[14] 42 U.S.C.A. § 1983 (West 2003).

[15] *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied*, 515 U.S. 1145 (1995).

5

opportunity to raise the constitutional challenges.[16] Thus, the Court concludes that Jones's claims under 42 U.S.C. § 1983 for injunctive type relief must be dismissed under authority of 28 U.S.C. § 1915A(b)(1).[17]

In addition to the motion for TRO and/or injunction noted above, Jones has also filed a motion to file exhibits, and a motion for appointment of counsel. Because all of Plaintiff's claims are dismissed under the authority of 28 U.S.C. § 1915A, and none of the information included in these other pending motions would change that analysis, such motions (docs 4, 11, and 15) are denied.

Therefore, any claims for monetary damages against defendant Jim R. Wright are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2), and all remaining claims against Wright and all claims against Andrew Ottaway are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1).

SIGNED June 7, 2012.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[16] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490.

[17] *See generally Knight v. 24th Judicial Dist. Court Section A*, Civ. Action No. 06-4537, 2006 WL 4017837, at * 2-3 (E.D.La. October 17, 2006), *recommendation adopted* (December 5, 2006)("A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances")(citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).